Slip Op. 11-22

## UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
PSC VSMPO    AVISMA CORPORATION :
and VSMPA    TIRUS, U.S., INC.,                        :
                                                       :
         Plaintiffs,                                   :
                                                       :
         v.                                            :
                                                       :          Before: Judith M. Barzilay, Judge
UNITED STATES,                                         :          Consol. Court No. 08-00321
                                                       :
         Defendant,                                    :
                                                       :
         and                                           :
                                                       :
U.S. MAGNESIUM LLC,                                    :
                                                       :
         Defendant-Intervenor.                         :
                                                       :
-------------------------------------------------------x
```

## <u>OPINION</u>

[The court sustains the U.S. Department of Commerce's redetermination.]

*Arent Fox LLP* (*John M. Gurley*, *Mark P. Lunn* and *Diana Dimitriuc Quaia*), for Plaintiffs PSC VSMPO-AVISMA Corporation and VSMPO-Tirus, U.S. Inc.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*David S. Silverbrand*, Trial Attorney), for Defendant United States; *Daniel J. Calhoun*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Of Counsel, for Defendant.

*King & Spalding, LLP* (*Stephen A. Jones* and *Jeffery B. Denning*), for Defendant-Intervenor U.S. Magnesium LLC.

Dated:  March 1, 2011

Barzilay, Judge:  This case, arising from an antidumping administrative review covering pure and alloyed magnesium metal from the Russian Federation, returns to the court following the remand ordered in *PSC VSMPO - AVISMA Corp. v. United States*, 34 CIT __, 724 F. Supp. 2d 1308 (2010) ("*AVISMA II*").[1]  In that opinion, the court found the U.S. Department of Commerce's ("the Department" or "Commerce") method for calculating the value of chlorine gas in *Results of Redetermination Pursuant to Remand*, A-421-819 (Dep't of Commerce Mar. 30, 2010) ("*First Remand Results*"), did not accord with law because Commerce failed to take into account Plaintiff PSC VSMPO - AVISMA Corporation's ("AVISMA") ordinary course of business.  *AVISMA II*, 34 CIT at __, 724 F. Supp. 2d at 1316; *see* 19 U.S.C. § 1677b(e)(1).  In the subsequent remand determination currently under review, the Department revised its methodology to focus "on AVISMA's entire production process, including the stages of production encompassing and following ilmenite catalyzation."  *Results of Redetermination Pursuant to Remand*, A-421-819 at 1 (Dep't of Commerce Nov. 22, 2010) ("*Second Remand Results*").[2]

---

[1] The court presumes familiarity with the procedural history of this case.  *See generally AVISMA II*, 34 CIT __, 724 F. Supp. 2d 1308; *PSC VSMPO - AVISMA Corp. v. United States*, Slip Op. 09-120, 2009 WL 3423021 (CIT Oct. 20, 2009) ("*AVISMA I*").

[2] Commerce respectfully protests that the court in *AVISMA II* did not "appear to give full consideration to record evidence supporting the Department's finding that taking into account AVISMA's entire operations resulted in a value for chlorine gas that is too high relative to the market value for chlorine."  *Second Remand Results* at 4.  Further, the agency continues to insist that its original chlorine gas valuation "comports more closely with the economic reality in which AVISMA operates."  *Id.*; *accord First Remand Results* at 13-14.  However, as the Department surely knows, its actions must adhere to the statutory framework that Congress has established to govern the antidumping laws.  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984); *see also* § 1677b(e)(1) (instructing Commerce to take into account "the cost of materials and fabrication or other processing of any kind employed in producing the merchandise . . . *in the ordinary course of business*" when using constructed value in place of

AVISMA and Plaintiff VSMPO - Tirus, U.S., Inc., (collectively, "Plaintiffs") and

Defendant-Intervenor U.S. Magnesium, LLC ("USM") contest various aspects of the *Second*

*Remand Results*.  Plaintiffs contend that Commerce used an incorrect database in its calculations,

which thereby rendered them erroneous.  *See generally* Pls. Br.  USM claims that the court

should reconsider its holding in *AVISMA II* and reinstate the *First Remand Results*.  *See* Def.-

Intervenor Br. 4-14.  Moreover, if the court reinstates the *First Remand Results*, USM asks the

court to evaluate what USM deems errors in the Department's original calculations.  *See* Def.-

Intervenor Br. 13-14.  For the reasons given below, the court sustains the *Second Remand*

*Results*.

## I. Standard of Review

The court must sustain any Commerce determination supported by "substantial evidence

on the record" and otherwise "in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

Substantial evidence on the record constitutes "less than a preponderance, but more than a

scintilla."  *Novosteel SA v. United States*, 25 CIT 2, 6, 128 F. Supp. 2d 720, 725 (2001) (citation

& quotation marks omitted), *aff'd*, 284 F.3d 1261 (Fed. Cir. 2002).  The requisite proof amounts

to "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion" in light of the entire record, "including whatever fairly detracts from the

substantiality of the evidence."  *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir.

1984) (footnote & quotation marks omitted).  This standard necessitates that the Department

thoroughly examine the record and "articulate a satisfactory explanation for its action including a

rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs. Ass'n of*

normal value in the dumping margin calculation) (emphasis added).

*the U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation & quotation marks

omitted); *accord Bando Chem. Indus., Ltd. v. United States*, 16 CIT 133, 136-37, 787 F. Supp.

224, 227 (1992).  That the court may draw two inconsistent conclusions from the evidence does

not preclude Commerce from supporting its determination with substantial evidence.  *Thai*

*Pineapple Pub. Co. v. United States*, 187 F.3d 1362, 1365 (Fed. Cir. 1999).

## II.  Discussion

### A. The Database Used in the Department's Calculations

Plaintiffs' argument that Commerce used an incorrect database fails because the

Department supported its decision to use the contested database with substantial evidence.  On

April 7, 2008, AVISMA submitted three separate cost databases to the Department, only the first

of which, COP-1, is relevant to the current discussion.  That database "reflects a company-wide

co-product methodology" to calculate titanium and magnesium net realizable values.[3]  *Second*

*Remand Results* at 8.  Ten days after making these submissions, however, AVISMA informed the

Department that COP-1 contained two errors.  *Id.* at 9.  The first error arose in the calculation of

pre- and post-split-off costs for titanium products; the second related to the appropriate sales

values assigned to the magnesium metal products produced, but not sold, during the period of

review.  *Id.*  AVISMA therefore provided the Department with two additional relevant databases,

COP-1.1 and COP-1.2, the first of which corrected only the second error, and the second of

which corrected both errors.  *Id.*  Commerce used the latter database, COP-1.2, for its

calculations in the *Second Remand Results*.  *Id.* at 8.  Plaintiffs now seek to distance themselves

---

[3] The other databases reflect accounting methodologies that take into consideration only portions of AVISMA's production facilities rather than its entire ordinary course of business. *See Second Remand Results* at 8-9.

from AVISMA's previous statement that it initially provided the Department with incorrect

information with respect to the calculation of pre- and post-split-off costs for titanium products,

and have the Department use COP-1.1, even though they do not explain how that database is

more accurate.  *Id.* at 11-12.  In light of AVISMA's earlier admission that COP-1 contained

incorrect information in two areas, and that COP-1.1 corrected only one of those errors,

Commerce reasonably relied upon COP-1.2, the database that accounted for both errors.

### B. USM's Request for Reconsideration of the Legal Conclusions in *AVISMA II*

The court will not entertain USM's request for reconsideration.  Although USM could

have brought this request to the court's attention in a motion for reconsideration within 30 days

of the filing of *AVISMA II*, *see* USCIT R. 59(b), that time has passed, and the court cannot now

address the issue.  *See Former Emps. of Quality Fabricating, Inc. v. United States*, 28 CIT 1061,

1070, 353 F. Supp. 2d 1284, 1292 (2004) ("Pursuant to the law of the case doctrine, when a court

decides upon a rule of law, that decision continues to govern the same issues in subsequent

phases of the case . . . . If [USM] had wished to challenge that finding, a motion for

reconsideration would have been the appropriate motion.") (citing *Arizona v. California*, 460

U.S. 605, 618 (1983) (internal citation omitted)).  Furthermore, because the court will not disturb

its prior holding, USM's remaining arguments contesting the Department's chlorine calculation

methodology in the *First Remand Results*, Def.-Intervenor Br. 4-14, are moot, as USM

concedes.[4]  Def.-Intervenor Br. 15.

---

[4] The court notes that in its brief, USM alleges that the court instructed Commerce to
follow "the methodology proposed in the *Foster Affidavit*" to construct the value of AVISMA's
chlorine gas.  Def.-Intervenor Br. 15 (citing *Second Remand Results* at 3).  Nowhere did the court
place such a constraint on Commerce's actions, *see generally AVISMA II*, 34 CIT __, 724 F.
Supp. 2d 1308, and to do so would run afoul of well-established comity between the Department

### III. Conclusion

For the foregoing reasons, it is

**ORDERED** that Commerce's *Second Remand Results* are **SUSTAINED**.


Dated:   March 1, 2011                                    /s/ Judith M. Barzilay
            New York, New York                            Judith M. Barzilay, Judge

---

and the Court.  *See Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1359 (Fed. Cir. 2006).

Slip Op. 11-22

## UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
PSC VSMPO    AVISMA CORPORATION :
and VSMPA    TIRUS, U.S., INC.,                        :
                                                       :
            Plaintiffs,                                :
                                                       :
    v.                                                 :
                                                       :        Before: Judith M. Barzilay, Judge
UNITED STATES,                                         :        Consol. Court No. 08-00321
                                                       :
            Defendant,                                 :
                                                       :
            and                                        :
                                                       :
U.S. MAGNESIUM LLC,                                    :
                                                       :
            Defendant-Intervenor.                      :
                                                       :
-------------------------------------------------------x
```

## <u>JUDGMENT</u>

Upon consideration of the U.S. Department of Commerce's ("Commerce") *Results of Redetermination Pursuant to Remand* of the second antidumping administrative review covering pure and alloyed magnesium metal from the Russian Federation, filed November 22, 2010, the parties' briefs, the record evidence, the court's opinions in this case on October 20, 2009, August 17, 2010, and March 1, 2011, and all other papers filed in this matter, it is hereby

**ORDERED** that Commerce's administrative findings are **SUSTAINED**; and it is further

**ORDERED** that this case is **DISMISSED**.


Dated:    March 1, 2011                          /s/Judith M. Barzilay
          New York, NY                               Judge